1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

13

14

15

16

17

| | |
|---|---|
| LUIS M. ROBLES,<br><br>              Plaintiff,<br>     vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>              Defendant. | Case No.: 5:10-cv-04962-EJD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>(Docket Nos. 23, 25) |

18

19          Plaintiff Luis M. Robles ("Plaintiff") filed this action on November 3, 2010, appealing

20     the decision by Michael J. Astrue, Commissioner of Social Security ("Defendant"), denying him

21     disability insurance benefits.[1]  Plaintiff moves for summary judgment.  Defendant opposes the

22     motion and cross-moves for summary judgment.  Plaintiff filed a reply to Defendant's cross-

23     motion.  The matter thereafter was submitted without oral argument, pursuant to Civ. L.R. 7-

24     1(b).  Having reviewed the papers and considered the arguments of counsel, Plaintiff's motion

25

26     _____

        [1] The challenged decision was rendered by Administrative Law Judge Milan M. Dostal ("the

27     ALJ") on December 28, 2007.  The ALJ's decision became final on March 13, 2010 when the
        Appeals Council of the Social Security Administration denied Robles' request for administrative

28     review of the decision.

CASE NO. 5:10-cv-04962-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

1  for summary judgment is DENIED and Defendant's cross-motion for summary judgment is

2  GRANTED.

3  ## I. BACKGROUND

4       At the time of the hearing before the ALJ on November 28, 2007, Plaintiff was forty-six

5  years old.  Administrative Record ("AR") at 241.  He had a high school education. Id.  His past

6  work experience included twenty-five years as a janitor maintaining and cleaning various

7  apartment buildings, eleven months as a select packer packing fiberglass in plastic bags, and

8  nearly two years as a cement mason apprentice doing mostly labor work.  Id. at 77-78, 244.

9  Plaintiff was diagnosed with major depressive disorder with psychotic features and anxiety in

10  July 2005.  Id. at 15, 165-167.  He sought treatment for depression in September 2005, reporting

11  that he had been fired from a job he held for three years and was depressed about this.  Id.  He

12  felt he needed to take it easy and have some time to relax for a while.  Id. at 15.  Plaintiff alleges

13  that he became disabled on September 27, 2005 as a result of depression. AR at 51-59.

14       On December 16, 2005, Plaintiff filed a Title II application for a period of disability and

15  disability insurance benefits and a Title XVI application for supplemental security income. Id. at

16  12.  The claims were initially denied on March 25, 2006.  Id.  On January 9, 2007, his

17  application was denied upon reconsideration.  Id.  The ALJ held an administrative hearing on

18  November 28, 2007 in San Jose, California.  Id.  Plaintiff, who was represented by an attorney,

19  testified at the hearing.  Id. at 12.  A vocational expert, Ruth Van Fleet, also testified at the

20  hearing.  Id. Plaintiff amended his application to request a closed period of disability from

21  September 27, 2005 to December 1, 2007. Id.

22       The ALJ found that Plaintiff was not disabled within the meaning of the Social Security

23  Act.  Id. at 19.  The ALJ evaluated Plaintiff's condition pursuant to the sequential process

24  required by 20 CFR §§ 404.1520(a) and 416.920(a).  Id. at 13-19.  At step one, the ALJ

25  concluded that Plaintiff had not engaged in substantial gainful activity from September 27, 2005,

26  the alleged onset date, to December 6, 2006.  Id. at 14.  At step two, the ALJ found that

27  Plaintiff's major depressive disorder with psychotic features vs. bipolar disorder constituted a

28

CASE NO. 5:10-cv-04962-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

severe combination of impairments under 20 CFR §§ 404.1520(c) and 416.920(c).  Id. at 15.  At

step three, the ALJ concluded that Plaintiff did not have an impairment or combination of

impairments that met or medically equaled one of the impairments listed in 20 CFR Part 404,

Subpart P, Appendix 1 ("Listing"). Id. at 15.

In determining Plaintiff's residual functional capacity, the ALJ found that while Plaintiff

had a severe impairment with some moderate limitations, he was not precluded from sustaining

work because those limitations were essentially controlled by his medication regimen. Id. at 16.

At step four, the ALJ found that Plaintiff could return to his past relevant work as a

janitor, select packer or cement mason apprentice because this work does not require the

performance of work-related activities precluded by his residual functional capacity.  Id. at 18.

The ALJ did not reach step five.

Based on those determinations, the ALJ concluded that Plaintiff was not disabled as

defined by the Social Security Act at any time through the date of his decision.  Id. at 19.

## II.  LEGAL STANDARD

### A.    Standard for Reviewing the ALJ Decision

The Court has authority to review the ALJ decision pursuant to 42 U.S.C. § 405(g). The

Court may only disturb the ALJ decision if it is unsupported by substantial evidence in the record

as a whole or if it is not an application of the proper legal standard. 42 U.S.C. § 405(g); Vertigan

v. Halter, 260 F.3d 1044, 1049 (9th Cir.2001). "Substantial evidence is such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion," Id. (citing Richardson v.

Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)), and it "means more than a

scintilla but less than a preponderance." Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.1997)

(citation and internal quotation marks omitted). If the evidence supports more than one rational

interpretation, the Court must uphold the ALJ's conclusion. Burch v. Barnhart, 400 F.3d 676,

680–81 (9th Cir.2005); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). This substantial

evidence standard applies when reviewing the ALJ's credibility determinations. Thomas v.

Barnhart, 278 F.3d 947, 959 (9th Cir.2002).

CASE NO. 5:10-cv-04962-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

## B.     Standard for Determining Disability

A person is "disabled" for purposes of receiving disability insurance benefits if he or she is unable to engage in any substantial gainful activity due to a physical or mental impairment that is expected to result in death or that has lasted or is expected to last for a continuous period of at least twelve months.  See Drouin, 966 F.2d at 1257 (quoting 42 U.S.C. § 423(d)(1)(A); Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984) (citing 42 U.S.C. § 423(d)(1)(A)).

Disability claims are evaluated using a five-step sequential evaluation process.  In the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied.  AR at 13.  If the claimant is not currently engaged in substantial gainful activity, the second step requires the ALJ to determine whether the claimant has a "severe" impairment or combination of impairments that significantly limits the claimant's ability to do basic work activities; if not, a finding of "not disabled" is made and the claim is denied.  Id.  If the claimant has a "severe" impairment or combination of impairments, the third step requires the ALJ to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing; if so, disability is conclusively presumed and benefits are awarded.  Id.  If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the ALJ to determine whether the claimant has sufficient "residual functional capacity"[2] to perform his or her past work; if so, the claimant is not disabled and the claim is denied.  Id. at 13-14.  The plaintiff has the burden of proving that he or she is unable to perform past relevant work.  Drouin, 966 F.2d at 1257 (citing Gallant, 753 F.2d at 1452).  If the claimant meets this burden, a *prima facie* case of disability is established.  Id. The ALJ then bears the burden of establishing that the claimant can perform other substantial gainful work;[3] the

---

[2] A claimant's residual functional capacity ("RFC") is what he or she can still do despite existing exertional and nonexertional limitations.  See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[3] As discussed further below, there are two ways for Defendant to meet the burden of showing that there is other work in significant numbers in the national economy that claimant can do: (1)

CASE NO. 5:10-cv-04962-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

determination of this issue comprises the fifth and final step in the sequential analysis.  See 20

C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n. 5 (9th Cir. 1995), as

amended April 9, 1996; AR at 14.

### III.  DISCUSSION

Plaintiff requests that the court reverse the ALJ's final decision and remand the case to

the Social Security Administration for an award of benefits.  See Memorandum in Support of

Plaintiff's Motion for Summary Judgment, ECF No. 23 ("MSJ"), at 18.  Alternatively, Plaintiff

requests that this case be remanded for further administrative proceedings to re-adjudicate the

issues.  See MSJ at 18.  Defendant in turn asks that the ALJ's final decision be affirmed.  See

Defendant's Notice, Motion and Memorandum in Support of Cross-Motion for Summary

Judgment and in Opposition to Plaintiff's Motion for Summary Judgment, ECF No. 25 ("X-

MSJ"), at 10.

The specific issues raised in this case are whether the ALJ properly: (1) articulated

specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician; (2)

provided specific and legitimate reasons for discounting Plaintiff's subjective complaints; (3)

relied upon answers to hypothetical questions that were supported by substantial evidence in the

record; and (4) determined that Plaintiff could return to his past relevant work as a janitor, select

packer, or cement mason apprentice.

**A.      The ALJ Did Not Err in Rejecting the Opinion of Dr. Nam Hua Tran**

Plaintiff argues that the ALJ was not justified in discounting the opinion of his treating

physician, Dr. Nam Hua Tran.  MSJ at 12-14.  Defendant contends that the ALJ reasonably

concluded that Dr. Tran's opinion was inconsistent with Plaintiff's actual demonstrated ability to

---

by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines.
See Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

CASE NO. 5:10-cv-04962-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

hold down a job and have substantial earnings during the alleged period of disability.  X-MSJ at 3-7.

If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject the treating or examining doctor's opinion only by providing specific and legitimate reasons that are supported by substantial evidence.  See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing Lester, 81 F.3d at 830).  A non-treating or non-examining physician's opinions may serve as substantial evidence when those opinions are consistent with the independent clinical findings or other evidence in the record.  See Thomas, 278 F.3d at 957.

On November 13, 2007, Dr. Tran completed a Mental Impairment Questionnaire.  AR at 200-204.  Dr. Tran identified depressed mood, anhedonia, anxiety, and low stress tolerance.  Id. at 200.  Diagnoses read Bipolar Disorder, Type II, and current Global Functioning ("GAF") of 45.  Id.  Dr. Tran opined that Plaintiff had no limitations in his ability to remember locations and work-like procedures or to understand and remember short and simple instructions.  Id. at 200-201.  Dr. Tran further opined that Plaintiff had no limitations in his ability to interact appropriately with the general public, to ask simple questions or request assistance, or to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. Id. at 201-202.  Dr. Tran, however, opined that during 20% of the workday, Plaintiff would be unable "to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances;" or "to accept instructions and to respond appropriately to criticism from supervisors."  Id.

These restrictions appear to be inconsistent with Plaintiff's written statements and oral testimony.  The ALJ inferred from Plaintiff's written statements and oral testimony that he "has maintained a somewhat normal level of daily activity and interaction."  Id. at 18.  The ALJ noted that "the physical and mental requirements of these household tasks and social interactions are consistent with a significant degree of overall functioning."  Id.  The ALJ based his opinion

CASE NO. 5:10-cv-04962-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

substantially on Plaintiff's subjective statements and testimony with regard to the severity and functional consequences of his symptoms, which the ALJ found were not fully credible. Id. Therefore, the ALJ determined that Dr. Tran's assessment of Global Functioning during the alleged period of disability and outside of that period, which reflect Plaintiff having moderate to serious symptoms, was inconsistent with Plaintiff's actual demonstrated ability to hold down a job and have substantial earnings at that time. Id. The fact that Plaintiff was performing substantial gainful activity at the time of Dr. Tran's November 2007 opinion is a valid reason to discount that opinion.

Additionally, Dr. Tran's opinion stands in sharp contrast to the opinion of Dr. A.R. Garcia, the State agency psychiatrist. After reviewing the record, Dr. Garcia "opined that claimant's condition is nonsevere." Id. at 18, 137. Dr. Garcia's opinion constituted substantial evidence to support the ALJ's findings. When, as here, the opinion of a reviewing physician is supported by the other medical evidence of record and is consistent with that other evidence, the opinion may constitute substantial evidence to support the ALJ's findings. See Thomas, 278 F.3d at 957. Dr. Garcia's opinion is consistent with some of Dr. Tran's progress notes. In particular, Dr. Tran's December 29, 2005 progress note states that Plaintiff reported feeling better, not as depressed, and was able to go out more. AR at 179. Further, the progress note reflects that Plaintiff found his weekly therapy to be "very helpful." Id.

In light of the highly deferential standard mandated by the Ninth Circuit, the court must conclude that these findings constitute substantial evidence to support the ALJ's rejection of Dr. Tran's opinion.

**B.     The ALJ Properly Evaluated Plaintiff's Subjective Complaints**

Plaintiff argues that the ALJ improperly discounted his testimony regarding the severity and functional consequences of his symptoms. MSJ at 16-18. He claims that the ALJ failed to show clear and convincing reasons for his rejection of Plaintiff's subjective pain and symptom testimony. MSJ at 18. Defendant asserts that the ALJ provided numerous clear and convincing

7

reasons for rejecting Plaintiff's subjective complaints, including his significant daily activities and inconsistencies between Plaintiff's testimony and certain statements he made to his treating physicians.  X-MSJ at 7-9.

This court's review of the ALJ's decision regarding credibility determinations is limited. See Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.").  The ALJ's assessment of a claimant's credibility must be "properly supported by the record" and "sufficiently specific" to assure the reviewing court that the ALJ "rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain."  Bunnell v. Sullivan, 947 F.2d 341, 345-346 (9th Cir. 1995) (quoting Elam v. Railroad Retirement Bd. 921 F.2d 1210, 1213-14 (11th Cir. 1991) (quotations omitted)).  Absent affirmative evidence of malingering, an ALJ may not discount a claimant's testimony without clear and convincing reasons.  See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).  However, the court must give deference to the ALJ's assessment of a plaintiff's credibility if it is supported by the record and applicable legal standards.  See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (citing Reddick, 157 F.3d at 720).

Here, the ALJ concluded that Plaintiff engaged in significant daily activities, including cooking food, shopping for food and personal items, doing laundry, washing dishes, taking walks, driving an automobile, visiting friends and relatives, talking on the phone, and watching television and/or reading.  AR at 18.  The ALJ further concluded that Plaintiff required no assistance in dressing or in personal grooming.  Id.  Thus, the ALJ inferred that Plaintiff maintained a "somewhat normal" level of daily activity and interaction.  Id.  The ALJ noted that the physical and mental requirements of Plaintiff's household tasks and social interactions were consistent with a "significant degree of overall functioning."  Id.

The ALJ found Plaintiff's subjective complaints not fully credible because of (1) inconsistencies between his hearing testimony and statements made to his doctors regarding

8

his medication regimen and (2) his ability to obtain jobs and sustain substantial gainful activity as desired. Id. at 17-18. The ALJ noted that the medical record indicated that Plaintiff generally reported doing well or feeling better when he complied with his medication regimen. Id. at 18. The ALJ found that Plaintiff's noncompliance did not support the alleged severity of his subjective complaints. Id. Further, the ALJ noted that the record reflected Plaintiff's ability to obtain employment and sustain substantial gainful activity as desired. Id. at 17. The ALJ concluded that Plaintiff indicated a decision not to seek work rather than an inability to work based on the record when Plaintiff told his psychologist in September 2005 that he felt he needed to take it easy and take some time off to relax. Id.

The ALJ is permitted to consider contradictions between relevant medical evidence and plaintiff's testimony in a credibility assessment. Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) "If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999).

Based on the above, the court finds that the ALJ provided clear and convincing reasons to reject Plaintiff's testimony and that the ALJ did not arbitrarily discredit Plaintiff's testimony. Affording the ALJ's credibility determination the deference to which it is entitled, the court finds no error.

**C.      The ALJ Did Not Err in Finding that Plaintiff Could Perform Past Relevant Work.**

Plaintiff disputes whether substantial evidence supports the ALJ's finding that he could perform past relevant work. MSJ at 14-16. Specifically, Plaintiff disputes the adequacy of the hypothetical questions that were posed to the vocational expert during the hearing. Id. Plaintiff contends that the ALJ failed to pose a hypothetical question to the vocational expert that incorporated Robles' inability to remain on-task, thus inaccurately reflecting Robles' mental residual functional capacity for the period in question. MSJ at 15. Plaintiff further contends that the ALJ, having wrongly denied Robles' claim that he is unable to perform past relevant work,

CASE NO. 5:10-cv-04962-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

did not meet his burden to show alternate occupations Plaintiff could perform during the period in question. Id.

Defendant argues that the hypotheticals posed to the vocational expert were proper because the ALJ was not required to include more limitations in his hypothetical than those limitations that were supported by the evidence. X-MSJ at 9-10. Defendant states that because the ALJ properly determined that Plaintiff could return to his past relevant work, the ALJ was not required to determine if there was other work in the national economy that Plaintiff could perform. X-MSJ at 10. As a result, Defendant maintains that the ALJ's decision should be affirmed. Id.

The ALJ's hypotheticals included no exertional limitations, but did include other miscellaneous factors, such as fatigue, that would be of a slight nature and would have a slight effect on the person's ability to perform basic work activities or that the condition is or can be controlled by appropriate medication without significant adverse side effects. AR at 262. Further, the hypothetical included depression, anxiety, and bipolar disorder with some paranoia. Id. at 263. These psychiatric problems would cause lessened concentration and occasional hallucinations. Id.

The first hypothetical incorporated these conditions but the psychiatric problems were of a "slight" nature and would have a "slight" effect on the ability to do basic work activities where that condition is or can be controlled by appropriate mediation without any significant adverse side effects. Id. The vocational expert opined that this hypothetical person could return to any of Robles' past work. Id. at 264. The second hypothetical incorporated the same conditions but the psychiatric problems were of a "moderate" nature and would have a "moderate" effect on the ability to do basic work activities where that condition is or can be controlled by appropriate medication without any significant adverse side effects. Id. Again, the vocational expert opined that this hypothetical person could return to any of Robles' past work. Id. at 264-65. The third hypothetical incorporated the same conditions but the psychiatric problems were so severe that no psychotropic medication could alleviate the pain, or if it did alleviate the pain, the side effects

CASE NO. 5:10-cv-04962-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

were so significantly adverse that they would markedly interfere with the ability to maintain pace and concentration. Id. at 265. The vocational expert opined that this hypothetical person could not return to any of Robles' past relevant work.  Id.

Plaintiff contends that his inability to remain on-task should have been incorporated into the hypothetical questions given to the vocational expert.  MSJ at 15.  This inability to remain on-task is based on Dr. Tran's November 13, 2007 finding that during 20% of the workday, Plaintiff would be unable "to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" or "to accept instructions and to respond appropriately to criticism from supervisors." Id. at 201-02. The ALJ, however, is free to accept or reject restrictions in a hypothetical that are not supported by substantial evidence in the record. See Osenbrook v. Apfel, 240 F.3d 1157, 1164-65 (citing Magallanes, 881 F.2d at 756-57).

Here, the court finds that the ALJ properly rejected restrictions in the hypotheticals that were not supported by substantial evidence in the record.  Specifically, the ALJ found Dr. Tran's November 13, 2007 assessment of Global Functioning during the alleged period of disability and outside of that period inconsistent with Robles' actual demonstrated ability to hold down a job and have substantial earnings at that time. AR at 18. The ALJ recognized that no substantial evidence existed demonstrating that Robles' mental impairments prevented him from working. Further, the hypotheticals posed by the ALJ incorporated psychiatric problems that would cause lessened concentration. Id. at 263. The ALJ was not required to incorporate Dr. Tran's assessment that Plaintiff was unable to remain on-task 20% of the time because that assessment was not supported by substantial evidence in the record.

Because the ALJ determined that Plaintiff could return to his past relevant work, the ALJ was not required to determine if there was other work in the national economy that Plaintiff could perform.  The ALJ properly concluded the five-step sequential analysis at the fourth step, finding that Plaintiff had sufficient residual functional capacity to perform his past relevant work as a janitor, select packer, or cement mason apprentice. Id. at 18-19.  Thus, the ALJ properly found Plaintiff not disabled and denied the claim.  Substantial evidence in the form of a review

CASE NO. 5:10-cv-04962-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

1  of the record by Dr. Garcia and the ALJ's credibility determination of Robles' subjective

2  statements supports the ALJ's conclusion that Robles' depression was not sufficiently severe

3  such that it significantly affected his ability to work beyond the nonexertional limitations,

4  especially when compliant with his medication regimen.

### IV.   CONCLUSION

6  For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **DENIED** and

7  Defendant's Motion for Summary Judgment is **GRANTED**.

8  IT IS SO ORDERED.

Dated: March 15, 2012

EDWARD J. DAVILA
United States District Judge

CASE NO. 5:10-cv-04962-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT